**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

DEC 15 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROMULO R. RIMANDO,

Plaintiff - Appellant,

v.

ALUM ROCK UNION ELEMENTARY
SCHOOL DISTRICT; MARIBEL
GUIZAR- MAITA,

Defendants - Appellees.

No. 08-17371

D.C. No. 5:08-cv-01874-JF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeremy D. Fogel, District Judge, Presiding

Submitted December 11, 2009[**]
San Francisco, California

Before: O'SCANNLAIN, RAWLINSON, and BEA, Circuit Judges.

Romolo R. Rimando appeals the district court's decision to dismiss his

claims against Alum Rock Union Elementary ("Alum Rock") and Maribel Guizar-

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Maita under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.* As the facts are known to the parties, they will not be repeated here, except as necessary to our decision.

Rimando's arguments are all foreclosed by our decision in *Townsend v. University of Alaska*, 543 F.3d 478 (9th Cir. 2008). There, we held that a federal district court lacked subject matter jurisdiction over USERRA claims brought against the state of Alaska by a former employee of the University of Alaska, Fairbanks. We concluded that 38 U.S.C. § 4323(b), which provides that "[i]n the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State," does not confer jurisdiction on federal courts to hear claims against states. *Townsend*, 543 F.3d at 485. Additionally, we held that USERRA does not create a direct or implied right of action against a supervisor who does not constitute an "employer" under section 4303(4)(A)(i). Rimando offers no way to distinguish his case from *Townsend*.

First, Rimando argues that the district court erred by concluding that it lacked subject matter jurisdiction over his claims against Alum Rock. We disagree. Rimando does not challenge the district court's conclusion that Alum Rock, as a California public school, constitutes a "State" employer for the purposes

2

of USERRA. Therefore, federal jurisdiction over his claim is governed by 38 U.S.C. § 4323(b). In *Townsend*, we held that such section does not grant federal district courts subject matter jurisdiction over claims brought by individuals against state agencies. 543 F.3d at 484. As we discern no difference between the argument Rimando raises and the argument we rejected in *Townsend*, we conclude that the district court did not err by dismissing Rimando's claim against Alum Rock for lack of subject matter jurisdiction.

Rimando also claims that the district court erred in dismissing his claims seperately against Guizar-Maita. He claims that Guizar-Maita is an "employer" within the meaning of USERRA, and therefore is amenable to suit. USERRA defines "employer" as "any person . . . that has control over employment opportunities, including a person . . . to whom the employer has delegated the performance of employment-related responsibilities. 38 U.S.C. § 4303(4)(A)(i). We need not decide whether Guizar-Maita falls within this definition, however, because regardless of whether she is an "employer," USERRA does not provide a basis for Rimando's suit against her.

First, if Guizar-Maita *is* an "employer" under USERRA, section 4323(b) does not confer federal jurisdiction over Rimando's claims against her because she is herself an employee of Alum Rock, and therefore is a "State" employer for the

3

purposes of USERRA. Thus, a federal court would have no jurisdiction over a claim brought against her under 38 U.S.C. § 4323(b). *Townsend*, 543 F.3d at 484. Second, if Guizar-Maita is not an "employer" within the meaning of USERRA, then Rimando's attempt to bring a claim against her is foreclosed by our holding in *Townsend* that USERRA provides neither an express nor implied cause of action against a supervisor. 543 F.3d at 486–87. Thus, we conclude that the district court correctly dismissed Rimando's claim against Guizar-Maita.

Finally, as we conclude that the text of USERRA does not grant a district court subject matter jurisdiction over Rimando's claims, we need not reach his argument that the Eleventh Amendment does not bar his suit.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**